**E-FILED**
Monday, 02 October, 2006  02:05:22 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  06-M-3042 |
| | ) | |
| XIANG HUI YE, and | ) | |
| XIANG Xi YE, | ) | |
| | ) | |
| Defendant. | ) | |

## MATERIAL WITNESSES' MOTION FOR DEPOSITIONS
### Pursuant to 18 U.S.C. §3144

NOW COMES the Material Witnesses, Yan Feng Ye, Xiang Jin Ye, Pandeng Chen (hereinafter "Chen"), Jin Cheng Li (hereinafter "Li") and Mateo Vasquez-Flores (hereinafter "Vasquez"), by their attorney, Assistant Federal Defender Douglas J. Beevers, and moves this Honorable Court to schedule depositions in the above case on the ground that the witnesses testimony can be adequately secured by deposition.

Pursuant to 18 U.S.C. § 3144 "no material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can be adequately secured by deposition."

## I.  Mateo Vasquez-Flores

Mr. Vasquez has waived the issue of detention and is immediately deportable to Mexico. Pursuant to 18 U.S.C. § 3144, he may be detained "a reasonable period of time until the deposition" can be taken.  Neither party will be prejudiced by a prompt deposition, because his testimony will be nearly all cumulative with his two brothers who have been released as material witnesses and his third brother who has been detained and charged with re-entry after deportation for an aggravated felony.  Since his brothers can certainly testify to his Mexican nationality and

*United States v. Xiang Hui Ye,*
*No. 06-M-3042*
*Motion for Witness Depositions*

his confession to misdemeanor illegal entry under Fed. R. Evid. 804(b)(3) and (4), his own

testimony will be largely cumulative so having deposition would be "adequate" to protect all

parties' rights.

Since Mexico does permit depositions to be held in Mexico for U.S. criminal cases, any

further depositions could be arranged in Mexico if any party needed additional evidence.


## II. Yang Feng Ye

Yang Feng Ye is a legal permanent resident of Canada, whose status in the United States

is merely that of a short overstay of a legal tourist visa. She will testify that Xiang Hui Ye is her

brother and she stayed with him at his residence.  During the whole time she was here, the

second defendant Xiang Xi Ye was in the hospital, so her only evidence against him would be

her nationality and expired visa status which are conclusively proved by her Chinese passport

with Canadian and U.S. visas which is still at her brother's house.  Her testimony against

defendant Xiang Hui Ye is material since she has made a statement that he knew she was not

legally allowed to work in the United States but did not tell him that her tourist visa had run out.

Since her testimony will be relevant only to prove the misdemeanor violation of 8 U.S.C.

§1324a(f) which makes it a petty offense misdemeanor to engage in a pattern of hiring

unauthorized aliens as defined in 8 U.S.C. §1324a(h).

Since detaining a person whose testimony is only relevant to prove a petty offense for

even a few days cannot be considered reasonable, Yang Feng Ye requests that her deposition be

held as soon as possible such as immediately after the next hearing with an interpreter.  Since she

is still employed at her job in Toronto, Canada, release on condition which did not allow return

to Canada would be a hardship.

*United States v. Xiang Hui Ye,*
*No. 06-M-3042*
*Motion for Witness Depositions*

## III. Pandeng Chen

Mr. Chen is a political refugee who suffered persecution in China due to his membership in the unofficial and banned Christian Church in China. He was thrown out of Fuzhou University where he studied water systems due to his membership in the Christian Church. He has been in the United States less than one year and is well within the time limit to file for political asylum. Mr. Chen has relatives in the United States who would be able to bail him out from an immigration bond, so he will almost certainly still be in the United States by the time this case goes to trial. Since the political asylum process is likely to take at least six months, he will almost certainly be available as a witness for the trial, thus his deposition is only as a security.

Since Mr. Chen speaks English well enough to be deposed in English, and well enough to prepare a decent political asylum case even without counsel, a prompt deposition will not prejudice any party. Mr. Chen is willing to be interviewed by either party at any time in order to guarantee that all parties can be prepared quickly for his deposition.

## IV. Xiang Jin Ye

Xiang Jin Ye's testimony is very important to the prosecution's case and her counsel believes her testimony will by very effective at causing at least Xiang Hui Ye to plead guilty. Her counsel believes that she may be able to establish release conditions which would be effective, but that a deposition will be effective at guaranteeing her evidence can be used.

## V. Jin Cheng Li

Jin Cheng Li is a political refugee who is fleeing China due to fear of persecution for his

*United States v. Xiang Hui Ye,*
*No. 06-M-3042*
*Motion for Witness Depositions*

membership in the underground Christian Church.  His political asylum case is complicated, but

it is likely that it would not be resolved by the time of a trial.  He speaks English well enough to

be interviewed by the parties to prepare for a deposition, but should have an interpreter for an

actual deposition.  He is willing to be interviewed by all parties.


### CONCLUSION

For the reasons stated above, the witnesses request depositions be scheduled as promptly

as possible depending on the relative importance of their evidence.  The witnesses counsel will

not be available the week of October 9, 2006 and request that the depositions for Mr. Chen and

Yang Feng Ye be scheduled this week.


Respectfully submitted,

RICHARD H. PARSONS,
Chief Federal Public Defender,

By:    s/ Douglas J. Beevers
Douglas J. Beevers
Assistant Federal Defender
600 East Adams Street, 2nd Floor
Springfield, Illinois  62701
Telephone: (217) 492-5070
Fax: (217) 492-5077
E-mail: douglas_beevers@fd.org

*United States v. Xiang Hui Ye,*
*No. 06-M-3042*
*Motion for Witness Depositions*

<u>PROOF OF SERVICE</u>

I hereby certify that on October 2, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Patrick Chesley
Office of the United States Attorney
318 S. Sixth Street
Springfield, IL 62701

Jon Gray Noll, Esq.
Attorney for Xiang Hui Ye

Scott Sabin, Esq.
Attorney for Xiang Xi Ye

By: __s/ Douglas J. Beevers_____
    Douglas J. Beevers
    Assistant Federal Defender
    600 East Adams Street, 2nd Floor
    Springfield, Illinois  62701
    Telephone: (217) 492-5070
    Fax: (217) 492-5077
    E-mail: douglas_beevers@fd.org