E-FILED
Tuesday, 03 October, 2006  02:40:19 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  06-3042M |
| ) | |
| XIANG HUI YE, and ) | |
| XIANG Xi YE, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO THE DISTRICT JUDGE FOR
REVOCATION OR AMENDMENT
OF THE U.S. MAGISTRATE JUDGE'S ORDER
OF DETENTION OF WITNESSES
Pursuant to 18 U.S.C. §3145(b)**

NOW COMES the Material Witnesses, Yan Feng Ye, Xiang Jin Ye, Pandeng Chen (hereinafter "Chen"), and Jin Cheng Li (hereinafter "Li"), by their attorney, Assistant Federal Defender Douglas J. Beevers, and moves the U.S. District Court to revoke or amend the U.S. Magistrate Judge's October 3, 2006, order detaining the four witnesses without a detention hearing beyond the five day temporary detention period authorized by 18 U.S.C. §3142(f).  As grounds for the motion, witnesses state the following:

1.  The witnesses' initial appearance was held on September 26, 2006, and a detention hearing was set pursuant to 18 U.S.C. §3144 for Friday, September 29, 2006;

2.  On September 29, 2006, the four above witnesses requested a detention hearing.  The court ruled that the detention hearings could not be held until both co-defendants had counsel and set a status conference to schedule depositions or detention hearings on Monday October 2, 2006, after the defendant's detention hearings;

3.  On Monday, October 2, 2006, the Court continued both co-defendants' detention hearings until October 10, 2006.  At that hearing, the court interpreter stated that she was available except for a few specific hours during the week and was not available on October 10,

*United States v. Xiang Hui Ye,*
*No. 06-M-3042*
*Motion to Revoke Detention Order*

2006, in the afternoon. The witnesses have no standing to object to these motions to continue. Attorney Steve Sabin's office advised the Court that he would be representing Xiang Xi Ye on October 2, 2006. Mr. Sabin is scheduled for a trial on October 10, 2006;

    4. On Monday, October 2, 2006, the witnesses filed a motion to schedule the detention hearing within the maximum five day period authorized by statute;

    5. On Tuesday, October 3, 2006, the U.S. Magistrate Judge scheduled detention hearings for the four witnesses on October 10, 2006, which is nine countable days after the initial appearance. The text order stated no grounds for "good cause." One of the four witnesses, Pandeng Chen, does not need an interpreter. All four witnesses are held in U.S. Marshals custody;.

    The Court has authority to detain material witnesses pursuant to 18 U.S.C. §3144 which requires the Court to "treat the person in accordance with the provisions of section 3142 of this Title." Pursuant to 18 U.S.C. §3142(f) a detention hearing must be held immediately at the initial appearance unless either party seeks a continuance. However:

> Except for good cause, a continuance on motion of such person may not exceed five days (not including any intermediate Saturday, Sunday or legal holiday.

18 U.S.C. §3142(f)(2). Since the witnesses' initial appearances were held on September 26, 2006, a detention hearing must be held by October 3, 2006, to be timely. Although the witnesses did not specifically request to continue the detention hearing until Monday, he did not object to the obvious need to wait until Monday, October 3, 2006, when all the attorneys and the Court's qualified interpreter could be available. Courts have held that a hearing held within five days is timely where the temporarily detained defendant did not object. *United States v. Madruga*, 810 F.2d 1010 (11th Cir. 1987).

*United States v. Xiang Hui Ye,*
*No. 06-M-3042*
*Motion to Revoke Detention Order*

The U.S. Magistrate's order of detention on September 29, 2006, was properly described as order of "temporary detention." Once this detention was extended without a hearing by the October 3, 2006, scheduling order for a week longer than the five day temporary detention authorized by 18 U.S.C. §3142, it must be construed as a final order of detention, albeit with a hearing to reconsider set for October 10, 2006. The district court has jurisdiction to revoke or amend any detention order by a U.S. Magistrate Judge pursuant to 18 U.S.C. §3145(b), which "must be determined promptly."

Although absence of an interpreter could be a factor for good cause, Mr. Chen does not need an interpreter, and there is no reason his detention hearing cannot be held by October 4, 2006. The Eleventh Circuit has held that it was error to delay detention hearings for defendants who had counsel and did not need interpreters even though other defendants had good cause to delay. *United States v. Hurtado*, 779 F.2d 1467 (11th Cir. 1985), rehearing denied 788 F.2d 1570. The record of the October 2, 2006 hearing suggests that absence of interpreter was not the reason for the delay.

A continuance to suit the schedule of counsel is not for "good cause" at least in absence of showing that no other lawyer is available to handle an earlier hearing, that time is in fact necessary for preparation, or some other valid reason clearly set forth in the record. *U.S. v. Al-Azzawy*, 768 F.2d 1141 (9th Cir. 1985). By analogy the U.S. Magistrate Judge's schedule would only be good cause if no other judicial officer was available within the district.

The witnesses contend that delaying the detention hearing beyond the five day period violates 18 U.S.C. §3142 and is therefore unlawful pursuant to 18 U.S.C. §3144. In particular, there is no good cause to delay the hearing for Mr. Chen who speaks English and has his aunt as a proposed third party custodian: Qin-huan Huan, 102 Madison St., Apt. 6B, New York, NY

*United States v. Xiang Hui Ye,*
*No. 06-M-3042*
*Motion to Revoke Detention Order*

10002 (212)385-3651.  Mrs. Huan is a legal permanent resident and has lived in New York for 8 years.

There is also no good cause to delay the hearing for Yan Feng Ye who is a legal resident of Canada with employment and family in Toronto.  She has family in Springfield, including her sister in law who is a legal resident with whom she can stay until a trial or deposition.  Her immigration bond is only $5000 and her family will be able to pay that bond within one or two days if released by this court.  Yan Feng Ye's testimony is of marginal relevance since she only is a witness in a related petty offense not in the felony offense.  In her sword statement to immigration she stated that she never told the defendant that her 14 day U.S. visa expired, but did tell him that she was on a tourist B1 visa without work authorization.  She contends that the §3142 factor of the weight of the evidence" in a witness case should be evaluated as the significance of the evidence in the prosecution's case.   In her case, it is negligible given the overwhelming evidence that the defendant committed the misdemeanor offense of hiring persons without legal work authorizations.

The witnesses' counsel is on vacation from October 10, 2006, to October 13, 2006, and asks the Court to schedule a detention hearing in the District Court as soon as possible, or alternatively to revoke the order of detention and set a detention hearing as soon as possible with any judicial officer available.

*United States v. Xiang Hui Ye,*
*No. 06-M-3042*
*Motion to Revoke Detention Order*

                                                  Respectfully submitted,

                                                  RICHARD H. PARSONS,
                                                  Chief Federal Public Defender,

                                 By:   s/ Douglas J. Beevers
                                                  Douglas J. Beevers
                                                  Assistant Federal Defender
                                                  600 East Adams Street, 2nd Floor
                                                  Springfield, Illinois  62701
                                                  Telephone: (217) 492-5070
                                                  Fax: (217) 492-5077
                                                  E-mail: douglas_beevers@fd.org

<u>PROOF OF SERVICE</u>

      I hereby certify that on October 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Patrick Chesley
Office of the United States Attorney
318 S. Sixth Street
Springfield, IL 62701

Jon Gray Noll, Esq.
Attorney for Xiang Hui Ye


Scott Sabin, Esq.
Attorney for Xiang Xi Ye


                                            By:   s/ Douglas J. Beevers
                                                  Douglas J. Beevers
                                                  Assistant Federal Defender
                                                  600 East Adams Street, 2nd Floor
                                                  Springfield, Illinois  62701
                                                  Telephone: (217) 492-5070
                                                  Fax: (217) 492-5077
                                                  E-mail: douglas_beevers@fd.org